IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3027-D

| | | |
|---|---|---|
| FERNANDO VIRVETA SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSEPH B. HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Fernando Virveta Sanchez ("Virveta Sanchez" or "plaintiff"), a former state inmate,[1] filed this pro se action pursuant to 42 U.S.C. § 1983, challenging the decision not to place him on work release and to remove him from a vocational education program [D.E. 1]. Virveta Sanchez seeks leave to proceed in forma pauperis [D.E. 2]. On April 5, 2011, the court reviewed the action pursuant to 28 U.S.C. § 1915A and allowed plaintiff's claim that he was discriminated against based on his race or nationality by being denied work release and/or vocational programming to proceed [D.E. 5]. On May 31, 2011, defendants Thomas and Wheeler answered the complaint [D.E. 16]. On June 9, 2011, defendant Brown-Tomlinson answered the complaint [D.E. 19]. On June 14, 2011, the court issued a scheduling order [D.E. 20]. On June 17, 2011, defendant Brown-Tomlinson filed a motion for judgment on the pleadings [D.E. 21]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Virveta Sanchez about the motion for judgment on the pleadings, the consequences of failing to respond, and the response deadline [D.E. 23]. Virveta Sanchez did not file any response in opposition to the motion, and the time within

---

[1] Virveta Sanchez was released from custody on September 29, 2010. See [D.E. 4].

which to do so has expired. On July 14, 2011, defendants Thomas and Wheeler filed a motion for judgment on the pleadings [D.E. 24]. On July 15, 2011, defendant Brown-Tomlinson moved to adopt by reference defendants Thomas and Wheeler's memorandum in support of their motion for judgment on the pleadings [D.E. 28]. Pursuant to Roseboro, 528 F.2d at 310, the court notified Virveta Sanchez about the motion for judgment on the pleadings, the consequences of failing to respond, and the response deadline [D.E. 26]. Virveta Sanchez did not file any response in opposition to the motion, and the time within which to do so has expired. On July 29, 2011, the court directed the North Carolina Attorney General to provide an address for service on defendant Hall [D.E. 29]. On September 12, 2011, the United States Marshal Service obtained service on defendant Hall [D.E. 32], and Hall has until January 13, 2012, to answer the complaint [D.E. 36]. As explained below, the court grants the motions for judgment on the pleadings and denies plaintiff's motions.

I.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute; therefore, the court can decide the case on its merits by considering the pleadings along with any materials referenced in or attached to the pleadings, which are incorporated by reference. See id. 10(c), 12(c). Moreover, a court may consider "documents incorporated into the [pleadings] by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see also Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

2

The same standard of review applied to a motion to dismiss under Rule 12(b)(6) also applies to a motion for judgment on the pleadings under Rule 12(c). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted).

Virveta Sanchez alleges that while incarcerated at Harnett Correctional Institution ("HCI"), defendant Hall (the HCI Warden) and defendant Brown-Tomlinson (the HCI institutional programs director) refused to place him on work release despite the recommendation of his sentencing judge. Compl. [D.E. 1] 3–4, 6–7. Virveta Sanchez further alleges that this decision was motivated by discrimination against Virveta Sanchez "based on nationality and race." Id. at 6; see also id. Attach. 1, at 11 (Sept. 29, 2009 custody review notification from HCI to Virveta Sanchez noting his "questionable" citizenship). Virveta Sanchez also alleges that defendant Thomas removed him from a vocational education program offered through Central Carolina Community College ("CCCC") and told Virveta Sanchez his removal was because he was "an illegal," in violation of the Equal Protection Clause of the Fourteenth Amendment. Id. at 8. Virveta Sanchez seeks $250,000

3

"for deliberate indifference and discrimination." Id. at 4–5. Defendant Thomas is CCCC's Director of Correctional Education, and defendant Wheeler is CCCC's Registrar. Id. at 3.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948–49; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Defendants acknowledge that Virveta Sanchez was excluded from the CCCC educational program because of his citizenship status, and rely on 8 U.S.C. § 1621 to assert their entitlement to qualified immunity. Mem. Supp. Thomas & Wheeler Mot. 3–6. Section 1621(a) provides that:

> an alien who is not –
> (1) a qualified alien (as defined in section 1641 of this title),
> (2) a nonimmigrant under the Immigration and Nationality Act [8 U.S.C.A. § 1101 et seq.], or
> (3) an alien who is paroled into the United States under section 212(d)(5) of such Act [8 U.S.C.A. § 1182(d)(5)] for less than one year,
> is not eligible for any State or local public benefit (as defined in subsection (c) of this section).

8 U.S.C. § 1621(c). Subsection (c) includes post-secondary education as a public benefit subject to § 1621. See id. Thus, post-secondary institutions such as CCCC "may, consistent with the

4

Supremacy Clause, deny admission or enrollment to aliens unlawfully in this country." Equal Access Educ. v. Merten, 325 F. Supp. 2d 655, 660 (E.D. Va. 2004). Judge Flanagan rejected the identical claim, see McPherson v. McCabe, No. 5:04-CT-990-FL, 2007 WL 4246582, at *4 (E.D.N.C. Apr. 10, 2007) (unpublished), aff'd, 241 F. App'x 963 (4th Cir. 2007) (per curiam) (unpublished), and this court has nothing to add to Judge Flanagan's analysis.

The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Brandon v. Holt, 469 U.S. 464, 472–73 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see Pearson v. Callahan, 555 U.S. 223, 231–32 (2009).

The court must ask two questions to determine whether qualified immunity applies. See, e.g., Pearson, 555 U.S. at 232; Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010), cert. denied, 131 S. Ct. 392 (2010); Unus v. Kane, 565 F.3d 103, 123 & n.24 (4th Cir. 2009), cert. denied, 130 S. Ct. 1137 (2010); Miller v. Prince George's Cnty., Md., 475 F.3d 621, 626–27 (4th Cir. 2007). First, the court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." Pearson, 555 U.S. at 232. Second, the court must determine "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. (quotation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011) (quotation omitted) (alterations in

5

original). The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id. Courts have discretion to decide which prong to address first. Pearson, 555 U.S. at 236. Thus, defendants are entitled to summary judgment on qualified immunity grounds if the answer to either question is "no." See, e.g., al-Kidd, 131 S. Ct. at 2080; Miller, 475 F.3d at 627; Bostic v. Rodriguez, 667 F. Supp. 2d 591, 606 (E.D.N.C. 2009).

The evidence, viewed in the light most favorable to Virveta Sanchez, does not establish a violation of the Equal Protection Clause. Accordingly, defendants are entitled to qualified immunity.

As for plaintiff's claim against Hall, the statute governing prisoner civil actions provides that "[n]otwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that" the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); see Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). The court concludes that Hall is entitled to qualified immunity for the same reasons as the other defendants.

II.

As explained above, the court GRANTS defendants' motions [D.E. 21, 24, 28] and DISMISSES plaintiff's claim against defendant Hall for failure to state a claim. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 19 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge